AO245b (USDC-CT Rev. 9/07)

UNITED STATES DISTRICT COURT
Page 1                                          District of Connecticut

UNITED STATES OF AMERICA                **JUDGMENT IN A CRIMINAL CASE**

                        v.              CASE NO. *3:12CR84 AWT*
                                        USM NO: *20994-014*

JILL PLATT
                                        *Douglas P. Morabito*
                                        *Peter S. Jongbloed*
                                        Assistant United States Attorneys

                                        *Jonathan J. Einhorn, Esquire*
                                        Defendant's Attorney

**THE DEFENDANT was found guilty by a jury after trial on <u>Counts 1, 4, 7, 10, 11, 17 and 18 of an Indictment</u>**.  Accordingly, the defendant is adjudged guilty of the following offenses:

| Title & Section | Nature of Offense | Offenses Concluded | Counts |
|---|---|---|---|
| 18:371 | Conspiracy to defraud the Internal Revenue Service | June 10, 2011 | 1 |
| 26:7206 | Filing a false tax return | June 10, 2011 | 4 |
| 18:1343 and 2 | Wire fraud | June 10, 2011 | 7-10-11-17 |
| 18:1349 | Conspiracy to commit wire fraud | June 10, 2011 | 18 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.  The court concluded that a "non-Guidelines sentence," as opposed to a "Guidelines sentence," see <u>United States v. Crosby</u>, 397 F.3d 103, 112 n.6 (2d Cir. 2005), was appropriate in this case.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total of 54 months on Count 1, 36 months on Count 4, 54 months on each of Counts 7, 10, 11 and 17, and 54 months on Count 18, to be served concurrently.  The court imposed a non-Guidelines sentence because the offense conduct in this case is outside the heartland of offense conduct that typically results in the range that resulted from the application here of the fraud and tax guidelines.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a total term of 3 years on Count 1, 1 year on Count 4, 3 years on each of Counts 7, 10, 11 and 17, and 3 years on Count 18, to be served concurrently.  The mandatory and standard conditions of supervised release, as attached, are imposed.  In addition, the following special conditions are imposed:

1.    The defendant shall cooperate with the Internal Revenue Service to pay all outstanding interest and penalties with respect to tax year 2009.  The defendant shall file lawful and timely tax returns and provide copies to the U.S. Probation Office.

2.    The defendant shall pay any restitution that is imposed in this case in accordance with the restitution order that will be entered in this case.

3.    The defendant shall not incur new credit card charges or open additional lines of credit without the permission of the U.S. Probation Office until her criminal debt obligation is paid.

4.    The defendant shall provide the U.S. Probation Office with access to requested financial information.

AO245b (USDC-CT Rev. 9/07)

Page 2

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments as follows, or as provided in the restitution order.

| | |
|---|---|
| **Special Assessment:** | $700.00, due immediately |
| **Fine:** | $0.00 |
| **Restitution:** | $32,000.00, payable on a joint and several basis with co-defendant Donna Bello, in accordance with the restitution order which will be entered in this case. |

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are paid.

## JUDICIAL RECOMMENDATION TO THE BUREAU OF PRISONS

The court recommends to the Bureau of Prisons that the defendant be designated to FCI Danbury.

**On October 15, 2013, the defendant shall surrender for service of her sentence to the federal correctional facility designated by the Bureau of Prisons, or to such other place as the U.S. Marshals Service may direct.**

**August 13, 2013**
Date of Imposition of Sentence

___/s/ AWT_____
Alvin W. Thompson
United States District Judge
Date:  August 15, 2013

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

Joseph P. Faughnan
United States Marshal

By _____
Deputy Marshal

*CERTIFIED AS A TRUE COPY*
*ON THIS DATE _____*
*ROBERTA D. TABORA, Clerk*
*BY: _____*
   *Deputy Clerk*

Page 3

# CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

■ (1)   The defendant shall not commit another federal, state or local offense;

■ (2)   The defendant shall not unlawfully possess a controlled substance;

☐ (3)   The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;

■ (4)   **The court is waiving the condition that the defendant refrain from any unlawful use of a controlled substance, and submit to random drug testing, because there is a low risk of future substance abuse by this defendant;**

☐ (5)   If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;

■ (6)   The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;

☐ (7)   (A)   In a state in which the requirements of the Sex Offender Registration and Notification Act  (see 42 U.S.C. §§ 16911 and 16913) do not apply, a defendant convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) (Pub. L. 105-119, § 115(a)(8), Nov. 26, 1997) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student; or

      (B)   In a state in which the requirements of Sex Offender Registration and Notification Act apply, a sex offender shall (i) register, and keep such registration current, where the offender resides, where the offender is an employee, and where the offender is a student, and for the initial registration, a sex offender also shall register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence; (ii) provide information required by 42 U.S.C. § 16914; and (iii) keep such registration current for the full registration period as set forth in 42 U.S.C. § 16915;

■ (8)   The defendant shall cooperate in the collection of a DNA sample from the defendant.

**While on supervised release, the defendant shall also comply with all of the following Standard Conditions:**

## STANDARD CONDITIONS

(1)   The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or ☐

(2)   The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

(3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)   The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);

(5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within five days after such change;

(7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)   The defendant shall not frequent places where controlled substances are illegally sold,  used, distributed, or administered, or other places specified by the court;

(9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)   The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

(11)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)   The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;

(14)   The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

**The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons.  Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

**(Signed)** _____     _____
              **Defendant**                                          **Date**


_____     _____
**U.S. Probation Officer/Designated Witness**              **Date**