# UNITED STATES DISTRICT COURT
## District of Connecticut

UNITED STATES OF AMERICA

v.

JILL PLATT

AMENDED JUDGMENT IN A CRIMINAL CASE

CASE NO.:  3:12-cr-00084 (AWT)

USM NO.:  20994-014

**_Douglas P. Morabito_**

Assistant United States Attorney

**_James Darrow,  Esq._**

Defendant's Attorney

**THE DEFENDANT was found guilty by a jury after trial on**  Counts  1, 4, 7, 10, 11,17 and 18 of an Indictment. Accordingly the defendant is adjudicated guilty of the following offense(s):

| Title & Section | Nature of Offense | Offense Concluded | Count(s) |
|---|---|---|---|
| 18:371 | Conspiracy to Defraud the Internal Revenue Service | June 10, 2011 | One |
| 26:7206 | Filing a False Tax Return | June 10, 2011 | Four |
| 18:1343 and 2 | Wire Fraud | June 10, 2011 | Seven, Ten, Eleven and Seventeen |
| 18:1349 | Conspiracy to Commit Wire Fraud | June 10, 2011 | Eighteen |

The court originally imposed sentence on August 13, 2013.  The defendant appealed both her conviction and sentence.  The conviction was affirmed, the sentence was vacated, and the case was remanded for resentencing. The defendant was resentenced on December 19, 2016.

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.  The court concluded that a "non-Guidelines sentence," as opposed to a "Guidelines sentence," see United States v. Crosby, 397 F.3d 103, 112 n.6 (2d Cir.2005), was appropriate in this case.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a period of  30 months on each of Count One, Count Four, Count Seven, Count Ten, Count Eleven, Count Seventeen, and Count Eighteen, to be served concurrently and with credit for time served.  The court imposed a non-Guidelines sentence in order to give appropriate weight to certain mitigating factors, including the defendant's change in how she views her offense conduct and her personal circumstances.

SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a period of 3 years on Count One; 1 year on Count Four; 3 years on each of Counts Seven, Ten, Eleven, and Seventeen; and 3 years on Count Eighteen, to be served concurrently. The Mandatory and Standard Conditions of Supervised Release as attached are imposed. In addition, the following Special Conditions are imposed:

1. The defendant shall cooperate with the Internal Revenue Service to pay all outstanding taxes, plus interest and penalties with respect to tax year 2009. The defendant shall file lawful timely tax returns and provide copies to the U.S. Probation Office.

2. The defendant shall pay any restitution that is imposed in this case in accordance with the restitution order issued in this case.

3. The defendant shall not incur new credit charges or open additional lines of credit without the permission of the U.S. Probation Office until her criminal debt obligation is paid.

4. The defendant shall provide the U.S. Probation Office with access to requested financial information.

CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments (as follows) or (as noted on the restitution order).

**Special Assessment:**     $    700.00 (Has been paid)

**Fine:**     $    0.00

**Restitution:**     $32,000.00 payable on a joint and several basis with co-defendant Donna Bello, in accordance with the Restitution Order issued in this case on August 21, 2013.

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

JUDICIAL RECOMMENDATION(S) TO THE BUREAU OF PRISONS

The court recommends to the Bureau of Prisons that the defendant be designated to FCI Danbury.

**On January 23, 2017, the defendant shall surrender for service of her sentence to the federal correctional facility designated by the Bureau of Prisons, or such other place as the US. Marshals Service may direct.**

December 19, 2016

_____
Date of Imposition of Sentence

/s/ Judge Alvin W. Thompson
_____
United States District Judge

Date:  December 20, 2016

## CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

### MANDATORY CONDITIONS

(1) You must not commit another federal, state or local crime.

(2) You must not unlawfully possess a controlled substance.

(3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ■ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4) ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(5) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(6) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

(3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

(4) You must answer truthfully the questions asked by your probation officer.

(5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

(7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

(9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

(12) You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision and impose a term of imprisonment, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____          _____
Defendant                                 Date

_____          _____
U.S. Probation Officer/Designated Witness Date

**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____

By: _____
    Deputy Clerk

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a
_____, with a certified copy of this judgment.

_____
Brian Taylor

Acting United States Marshal

By

_____
Deputy Marshal